UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JENNAFER PATTEN,

    Plaintiff,

    v.

GANNETT CO., INC.,

    Defendant.

Case No.
Hon.
Magistrate Judge

Removed from Wayne County Circuit Court
Case No. 25-018826-CD
Hon. Kathleen M. McCarthy

---

## DEFENDANT GANNETT CO., INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Gannett Co., Inc., by and through its attorneys, Harter Secrest & Emery LLP and Warner Norcross + Judd LLP, hereby invokes this Court's subject matter jurisdiction and removes the state court action described below from the Wayne County Circuit Court, where the action is now pending, to the United States District Court for the Eastern District of Michigan, Southern Division.

### NATURE OF ACTION AND PROCEDURAL HISTORY

1. Plaintiff Jennafer Patten commenced this action against Defendant Gannett Co., Inc. ("Gannett"), by filing a Summons and Complaint in Wayne County Circuit Court on November 26, 2025 (Case No. 25-018826-CD).

2. On December 2, 2025, Patten served the Summons and Complaint on

Gannett by personal delivery on its registered agent for service of process.

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Gannett are attached as **Exhibit A**.

4.      The Complaint alleges pregnancy discrimination/harassment under Title VII of the Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCLA § 37.2101, *et seq.* Complaint (Exh. A), ¶¶ 4, 23-47.

### PROPRIETY OF AND BASIS FOR REMOVAL

5.      This Court has subject matter jurisdiction because Patten alleges a violation of Title VII, a federal statute, and thus a federal question exists over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-5(f)(3). *See* Complaint (Exh. A), ¶ 5 (admitting federal question jurisdiction).

6.      The Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) because Patten's state law ELCRA claim is "so related to claims in the action within such original jurisdiction that the form part of the same case or controversy." *See* Complaint (Exh. A), ¶ 5 (admitting supplemental jurisdiction over Patten's state-law claim).

7.      The above-entitled action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

8.      Additionally, this Court has diversity jurisdiction over this dispute

pursuant to 28 U.S.C. § 1332.

9.      Patten is "is a resident of the Township of Bloomfield, County of Oakland and State of Michigan." Complaint (Exh. A), ¶ 1. Accordingly, Plaintiff is a citizen of the State of Michigan for purposes of diversity jurisdiction.

10.     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of any State where it has its principal place of business. The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). In practice, this location will be "at a corporation's headquarters." *Id.*at 81.

11.     Gannett Co., Inc. recently changed its name to USA Today Co., Inc. ("USA Today"). USA Today is a corporation incorporated under the laws of the State of Delaware and its headquarters is located at 1675 Broadway, 23rd Floor, New York, New York 10019. Accordingly, for diversity purposes, Gannett/USA Today is a citizen of the State of Delaware and/or the State of New York, and thus is a citizen of a different state than Patten.

12.     Per the Complaint, the amount in controversy exceeds $75,000. Complaint (Exh. A), pp. 7, 9 (seeking judgment "in an amount in excess of $75,000, together with costs, interest and attorney fees").

13.     Accordingly, Gannett also seeks removal of this action pursuant to 28 U.S.C. § 1332(a)-(c) because: (1) there is complete diversity of citizenship between Patten and Gannett; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

**TIMELINESS OF REMOVAL AND VENUE FOR REMOVAL**

14.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Gannett's receipt, through service or otherwise, of the Summons and Complaint.

15.     The time for Gannett to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

16.     Venue is proper in the Eastern District of Michigan, Southern Division, as this is the district embracing the place where the state court proceeding is pending and where a substantial part of the events alleged in the Complaint occurred. *See* 28 U.S.C. §§ 1391(b)(2), 1441(a).

**NOTICE TO PLAINTIFF AND TO STATE COURT**

17.     Promptly after filing this Notice of Removal, Gannett will give written notice of the filing of this Notice of Removal to Patten's counsel as required by 28 U.S.C. § 1446(d).

18.     Promptly after filing this Notice of Removal, Gannett will file a copy of this Notice with the Clerk of the Wayne County Circuit Court, as required by 28

U.S.C. §1446(d), which will result in electronic service on Plaintiff's counsel.

## RESERVATION OF RIGHTS/NON-WAIVER OF DEFENSES

19.    Notwithstanding this Notice of Removal, Gannett does not waive any defenses to Patten's claims, nor does Gannett concede Patten has adequately pled any claims upon which relief may be granted.  Any applicable defenses will be pled and/or included in an answer or motion to dismiss.

## CONCLUSION

**WHEREFORE**, Defendant Gannett Co., Inc. respectfully removes the above-entitled action from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division.

DATED:  December 23, 2025          By: */s/ Zainab H. Sabbagh*
                                    Zainab H. Sabbagh, Esq. (P80452)
                                    WARNER NORCROSS + JUDD LLP
                                    2715 Woodward Avenue, Suite 300
                                    Detroit, Michigan 48201
                                    Telephone: (313) 546-6169
                                    Email: zsabbagh@wnj.com
                                    *Attorneys for Defendant Gannett Co., Inc.*

                                    Robert C. Weissflach, Esq. (NY 2522183)
                                    HARTER SECREST & EMERY LLP
                                    50 Fountain Plaza, Suite 1000
                                    Buffalo, New York 14202
                                    Telephone: (716) 844-3707
                                    Email: rweissflach@hselaw.com
                                    *Attorneys for Defendant Gannett Co., Inc.*
                                    *(application for admission pending)*

## **CERTIFICATE OF SERVICE**

I certify that on December 23, 2025, I served the foregoing document, along with this Certificate of Service, by U.S. First Class Mail, postage prepaid, to the following:

Scott P. Batey, Esq. (P54711)
BATEY LAW FIRM, PLLC
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
Telephone: (248) 540-6800
Email: sbatey@bateylaw.com
*Attorneys for Plaintiff Jennafer Patten*

DATED: December 23, 2025          WARNER NORCROSS + JUDD LLP

By: *Zainab H. Sabbagh*
Zainab H. Sabbagh

# Exhibit A

Original- Court
1st Copy- Defendant
2nd Copy- Plaintiff
3rd Copy -Return

8 12:47pm

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-018826-CD Hon. Kathleen M. McCarthy |
|---|---|---|

Court telephone no.: 313-224-5481

| Plaintiff's name(s), address(es), and telephone no(s) Patten, Jennafer | v | Defendant's name(s), address(es), and telephone no(s). Gannett Co., Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Scott P. Batey 54711 30200 Telegraph Rd Ste 400 Bingham Farms, MI 48025-4506 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.      | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/26/2025 | Expiration date* 2/25/2026 | Court clerk Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



SUMMONS
Case No. : **25-018826-CD**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                              Date and time

_____ on behalf of _____.

Signature
_____

25-018826-CD FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    11/26/2025 11:54 AM    Jacqueline Ruff

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JENNAFER PATTEN,

     Plaintiff,

v.

GANNETT CO., INC.

     Defendant.

Case No: 25-      -CD

Hon.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint pending in this Court, nor has such action been previously filed and dismissed or transferred after having been assigned to a judge.

## PLAINTIFF'S  COMPLAINT

NOW COME, Plaintiff, Jennafer Patten, by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Jennafer Patten, is a resident of the Township of Bloomfield,

County of Oakland and State of Michigan.

2.     Defendant, Gannett Co., Inc., (hereinafter "Gannett") is a foreign corporation whose resident agent is CSC-Lawyers Incorporating Service, and whose address is 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911 and who conducts business throughout the United States, State of Michigan and County of Wayne.

3.     The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

4.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment in violation of the violation of Title VII of the Civil Rights Act of 1964, and in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiffs.

5.     This court has federal question jurisdiction over Plaintiff's questions of federal, and has supplementary jurisdiction under 28 U.S.C. § 1367 over Plaintiff's related state law claims arising form the same nucleus of operative fact.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates by reference paragraphs 1-5 of the complaint as fully set forth herein.

7.     Plaintiff began her employment in September, 2022 where she  worked

2

as a National Account Executive.

8.      Prior to the election year, 2024 Plaintiff was an exemplar employee for Defendant and for 2023 and the first quarter of 2024 she averaged 103.2% of her sales goals.

9.      Election years are notoriously slow years for the industry; particularly one catering to the automotive industry and the second and third quarters of 2024 Plaintiff's numbers went down as expected.

10.     In addition to a challenging election year, Plaintiff's situation for Defendant was hindered when her supervisor left that position leaving Plaintiff with little to no help.

11.     Instead of assigning Plaintiff the support she needed, Defendant gave Plaintiff a interim manager her told Plaintiff that she did not have room for Plaintiff on her "bandwith".

12.     The interim manager had Plaintiff for a one-on-one meeting each week, but usually cancelled due her bandwith and provided Plaintiff with very little support.

13.     In October, 2024 Plaintiff learned she was pregnant.

14.     Plaintiff's fourth quarter was also slow to the election and Plaintiff having little to zero support.

15.     On January 10, 2025 Plaintiff shared with Defendant that she was

3

pregnant and submitted for maternity leave.

16.     Plaintiff's maternity leave plan was approved to begin June 2, 2025, pending actual birth date.

17.     After advising Defendant she was pregnant, Defendant began to become overly critical of Plaintiff and create performance issues that were not there.

18.     Coming out of an election everyone knew the work was going to be sluggish.

19.     Defendant used that as an excuse to place Plaintiff on a Performance Improvement Plan (PIP) scheduled for February 26-March 26, with unrealistic revenue expectations for 1 month period.

20.     On April 1, 2025 Plaintiff was terminated for alleged performance issues, but the stated reason was pretextual because Plaintiff's performance was consistent with expectations coming out of an election year and had improved, as expected in the first quarter of 2025.

21.     On April 8, 2025 Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") Charge Number 520-2025-04562.

22.     Plaintiff was issued a right to sue letter by the EEOC on September 3, 2025.

4

## COUNT I
## PREGANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF   1964, 42 U.S.C. § 2000D, *ET. SEO.*, AS AMENDED BY THE PREGANCY DISCRIMINATION ACT OF 1978    , Pub. L. 95-555.

23.     Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.     Pursuant to Title VII of Civil Rights Act of 1964, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

25.     Pregnancy and child birth is a characteristic of Plaintiff's sex/gender as a female, and included in Plaintiff's protection from sex harassment/discrimination under the Pregnancy Discrimination Act of Title VII.

26.     Defendant took adverse employment actions against Plaintiff as a result of Plaintiff's sex and, as a woman who had recently become pregnant.

27.     Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex/gender as a pregnant woman.

28.     Defendant is an employer within Title VII.

29.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

5

30.     Plaintiff is entitled to exemplary, punitive and compensatory damages pursuant to the Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

31.     Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

    b. Retaliating against employees who make complaints of discrimination and harassment; and

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

32.     Defendant owed Plaintiff as a pregnant woman, a duty to adequately advise its employees to refrain from discriminating against Plaintiff, a pregnant woman.

33.     Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to prevent or stop harassment on the basis of Plaintiff's sex and pregnancy creating a hostile work environment; and

    b. Taking adverse employment action against Plaintiff due to her sex and pregnancy including terminating her.

34.     As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

35.     Because of the unlawful conduct of Defendant and its agents and
employees, and as a direct and proximate cause of such conduct, Plaintiff has
suffered damages, including humiliation, embarrassment, outrage, mental anguish
and anxiety, emotional distress, loss of self-esteem, loss of earnings and other
employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and
against Defendant in an amount in excess of $75,000.00, together with costs, interest
and attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF**
**THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA**
**§37.2101, *ET SEQ.***

36.     Plaintiff incorporates by reference paragraphs 1 through 35 of the
Complaint as though fully set forth herein.

37.     Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA
§37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory
treatment and harassment from their employer and/or supervisors based upon her
sex and pregnancy.

38.     Pregnancy is a characteristic of Plaintiff's sex and is included in
Plaintiff's protection from sex harassment/discrimination under Michigan law and
the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

7

39.     Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex and pregnancy.

40.     Defendant is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

41.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees, and agents to the point where her status as an employee has been detrimentally affected.

42.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

43.     Defendant and their agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sex discrimination in the workplace;

   b. Retaliating against employees who make complaints of discrimination and harassment; and

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

44.     Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

8

45.    Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a.  Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

    b.  Taking adverse employment action against Plaintiff due to her sex and pregnancy; and

    c.  Retaliating against Plaintiff for her complaints of sex discrimination.

46.    As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

47.    Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 940-5800-fax
    sbatey@bateylaw.com

Dated: November 26, 2025

Jacqueline Ruff   11/26/2025 11:54 AM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE   FILED   25-018826-CD

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JENNAFER PATTEN,

     Plaintiff,

                                    Case No: 25-          -CD

v.

                                      Hon.

GANNETT CO., INC.

     Defendant.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## <u>DEMAND FOR JURY TRIAL</u>

    NOW COMES Plaintiff, Jennafer Patten, by and through her attorney, Scott

P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: November 26, 2025